**Timothy P. GRAY, Plaintiff–Appellant,**

v.

**AES GREENIDGE, LLC,**
**Defendant–Appellee.**

**Docket No. 03–9089.**

United States Court of Appeals,
Second Circuit.

May 13, 2004.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the district court's judgment entered on September 19, 2003, is AFFIRMED.

Timothy P. Gray, Farmington, New York, for Appellant, pro se.

Leslie Prechtl Guy, Hinman, Howard & Kattell, LLP, Binghamton, New York, for Appellee.

Present: LEVAL, RAGGI, Circuit Judges, and STEIN,[2] District Judge.

## SUMMARY ORDER

Plaintiff–Appellant Timothy Gray, *pro se*, appeals from an award of summary judgment in favor of Defendant–Appellee AES Greenidge, LLC ("AES") on his claim under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* We assume familiarity with the record of proceedings before the district court and hereby affirm its judgment.

■ On appeal, Gray contends that the district court erred in concluding that he had failed to adduce sufficient evidence to permit a reasonable jury to find in his favor on the essential element of discriminatory motivation. *See James v. New York Racing Ass'n*, 233 F.3d 149, 156–57 (2d Cir.2000). Gray submits that AES's discriminatory motivation is evidenced by the fact that it hired a younger applicant, less qualified than himself, specifically, a person without the prior PPT experience possessed by Gray and "preferred" by AES in its job advertisement. Preliminarily, we note that Gray's qualifications, even when viewed in the light most favorable to him, were not "so superior to the credentials of the person selected for the job that no reasonable person ... could have chosen the candidate selected over" him. *Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 103 (2d Cir.2001). Specifical-

ly, Gray's computer and electrical skills were inferior to those of the person hired. In any event, Gray does not put forth any evidence indicating that the employer's choice between the two candidates was motivated by age bias. *See James v. New York Racing Ass'n*, 233 F.3d at 155 n. 1 (requiring "plaintiff to point to evidence that can reasonably support a finding of discrimination") (citing *Fisher v. Vassar College*, 114 F.3d 1332 (2d Cir.1997) (en banc)).

■ Alternatively, Gray asserts that AES's discriminatory motive can be inferred from its reliance on a pretextual reason for rejecting his job application: negative reports from former co-workers. While Gray disputes the correctness of the impressions formed by his former co-workers, he offers no evidence that these were not, in fact, their opinions, or that they had not communicated them to AES's hiring team. He also does not present any evidence challenging AES's assertion that the noted defects would be at odds with its interactive corporate philosophy. In sum, Gray adduces no evidence of pretext, let alone any evidence of discriminatory motive.

■ Finally, Gray cannot create a triable issue of fact regarding AES's motivation with conclusory assertions that the employer routinely passed over older, more qualified applicants, in favor of younger ones, *see James v. New York Racing Ass'n*, 233 F.3d at 152–53; *cf. Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir.1985) (holding "conclusory allegations of discrimination" insufficient to satisfy employee's burden), particularly in light of evidence proffered by AES indicating that, between 1999 and 2001, half of its new hires at the plant where Gray had applied for work were over forty years old.

In sum, because Gray has failed to raise a triable issue of fact on the question of AES's age discriminatory motivation for denying him employment in 2000 and 2001, summary judgment was properly entered in favor of Defendant–Appellee. The district court's September 19, 2003 judgment is hereby AFFIRMED.